806 F.2d 1371
 124 L.R.R.M. (BNA) 2172, 105 Lab.Cas. P 12,111
 Robert H. MILLER, Regional Director of Region 20 of the
National Labor Relations Board, for and on Behalf
of the NATIONAL LABOR RELATIONS BOARD,
Petitioner-Appellant,
v.
HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS UNION, LOCAL
2, Hotel and Restaurant Employees and Bartenders
International Union, AFL-CIO, Respondent-Appellee.
 Nos. 85-2322, 85-2524.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 10, 1986.
Decided Dec. 23, 1986.
 
 Jean Stucky, John W. Hornbeck, Deputy Asst. General Counsel, N.L.R.B., Washington, D.C., for petitioner-appellant.
 Matthew D. Ross, Neyhart, Anderson, Nussbau, Reilly & Freitas, San Francisco, Cal., for respondent-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, SCHROEDER, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The NLRB appeals a district court award of some $17,600.00 in attorney fees and costs to a union under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412 (1982). 107 FRD 231. The underlying dispute arose out of the 1984 Restaurant Employees and Bartenders Union strike against Scoma's Restaurant located at the end of Pier 47 in San Francisco. Striking employees picketed at the pier's entrance, which is 400 feet away from Scoma's, and paraded in front of neutral businesses operating in that vicinity. Scoma's filed an unfair labor practice charge alleging that the union was violating section 8(b)(4)(B) of the National Labor Relations Act, 29 U.S.C. Sec. 158(b)(4)(B) (1982), commonly referred to as the secondary boycott provision.
 
 
 2
 The Board subsequently issued a complaint and filed a petition in district court to enjoin the picketing pursuant to section 10(l ), 29 U.S.C. Sec. 160(l ) (1982). The district court held a hearing on October 15, 1984, and denied the injunction. 605 F.Supp. 573. The union then requested attorney fees pursuant to the EAJA, which provides: "[A] court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. Sec. 2412(d)(1)(A) (1982). The district court concluded that the Board had been substantially justified in filing the petition for section 10(l ) relief on September 27, 1984, and in litigating the matter until October 12, 1984. The court held, however, that as of Friday, October 12, the date by which the NLRB had received additional evidentiary submissions from the union, the Board was not substantially justified in pursuing the matter through the hearing on Monday, October 15 that resulted in the injunction's denial.
 
 
 3
 The dispositive issue in the case is whether the district court erred in awarding attorney fees on the ground that the government unreasonably failed to withdraw its complaint on the Friday before the Monday preliminary injunction hearing. In this circuit, we look to the "totality of the circumstances" in determining whether the government's position is substantially justified, and our standard of review is abuse of discretion. League of Women Voters v. FCC, 798 F.2d 1255, 1258 (9th Cir.1986); Rawlings v. Heckler, 725 F.2d 1192, 1194, 1196 (9th Cir.1984).
 
 
 4
 We find no authority remotely suggesting that the government, or any other party, acts unreasonably when it chooses to go forward with a previously set hearing after receiving adverse evidence shortly before the hearing date. Even a circuit which looks solely to the government's litigation position in awarding fees under the EAJA, and not to the totality of the circumstances, has concluded that the government is entitled to a reasonable time to reevaluate a position before deciding whether to abandon it in the face of adverse but previously unknown evidence. Ashburn v. United States, 740 F.2d 843, 850 (11th Cir.1984). The court there held that the district court had abused its discretion in awarding fees under the EAJA when the Justice Department took eleven months to concede liability in a tax case. The government in this case could not reasonably have been expected to concede in the course of one working day.
 
 
 5
 Because we reverse the district court's award of attorney fees with respect to the underlying claim, it follows that the award of fees and expenses for the union's prosecution of its EAJA and Rule 11 sanctions application is also overturned. The union is not entitled to fees on appeal.
 
 
 6
 Reversed.